**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

**March 31, 2022**

**Christopher M. Wolpert**
**Clerk of Court**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JOSHUA DAVID GESS,

    Defendant - Appellant.

No. 21-1282
(D.C. No. 1:19-CR-00507-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **HOLMES**, and **BACHARACH**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Joshua David Gess's plea agreement.  Exercising jurisdiction under

28 U.S.C. § 1291, we grant the motion and dismiss the appeal.

**Background**

Mr. Gess pleaded guilty to possession of a firearm and ammunition by a

prohibited person, in violation of 18 U.S.C. § 922(g)(1), in exchange for the

government's agreement to dismissal of the remaining charges and to recommend

that he be sentenced to 51 months in prison.  Mr. Gess was advised both in writing

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and orally at the change of plea hearing that based on his criminal history, the statutory maximum prison sentence was ten years. As part of the plea agreement, Mr. Gess waived his right to appeal "any matter in connection with [his] prosecution, conviction, or sentence" unless the government appealed the sentence, or the sentence exceeded either the ten-year maximum or the advisory sentencing guideline range applicable to a total offense level of 15. Mot. to Enforce, Attach. 1 at 2. Other than challenges based on alleged prosecutorial misconduct or ineffective assistance of counsel, he also "waive[d] the right to challenge [his] prosecution, conviction, or sentence in any collateral attack[,] including" a motion under 28 U.S.C. § 2255. *Id.* Both by signing the written plea agreement and in his responses to questions from the court during the change of plea hearing, Mr. Gess acknowledged that he was entering his plea knowingly and voluntarily and that he understood its consequences, including the possible sentences and the appeal waiver. The court accepted Mr. Gess's plea as having been knowingly and voluntarily entered.

At the sentencing hearing, the court determined the applicable guideline range for a total offense level of 15 with Mr. Gess's criminal history score was 41 to 51 months. The court then sentenced him to 35 months in prison. Despite receiving a sentence that was below both the ten-year statutory maximum and the applicable guideline range, Mr. Gess filed a notice of appeal. His docketing statement indicates that he intended to appeal his conviction and sentence based on ineffective assistance of counsel, denial of release from pretrial custody, violation of an oral plea agreement, and violation of his right to a speedy trial.

**Discussion**

In ruling on a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *United States v. Hahn*, 359 F.3d 1315, 1325 (10th Cir. 2004) (en banc) (per curiam).

On January 18, 2022, Mr. Gess, through counsel, agreed to dismissal of the appeal. The next day, however, counsel filed a motion to withdraw the response, indicating that he had been informed that Mr. Gess objected to dismissal of his appeal. Counsel then filed an amended response citing *Anders v. California*, 386 U.S. 738, 744 (1967), and stating that Mr. Gess has no non-frivolous argument against enforcement of his appeal waiver. Counsel also requested permission to withdraw from representing Mr. Gess. *See id.*

We invited Mr. Gess to file a pro se response to the motion to enforce. *See id.* He did not respond within the deadline, so we sent him a deficiency letter giving him additional time to file a response. In response, he requested an extension of time and requested substitute counsel. He indicated that he did "not waive [his] right to make appeal argument[s]" and that he has "appealable matters that need [to be] addressed," Reply to Clerk's Letter (filed Feb. 14, 2022) at 1, but he did not argue that the *Hahn* factors have not been met or that the appeal waiver is otherwise unenforceable. We gave him an additional 30 days to respond and explained that we would not consider his request to appoint another attorney until we received his substantive pro se

3

response.  Mr. Gess filed another motion for substitute counsel, but it has been more than two months since we invited him to respond to the motion to enforce and he still has not done so, despite our order indicating that he must file his response before we will consider his requests for counsel.

We have reviewed the proceedings in accordance with our obligation under *Anders*, 386 U.S. at 744.  We conclude the *Hahn* factors have been satisfied, and there is no non-frivolous argument to make against enforcing the appellate waiver.

The speedy trial and pretrial release issues Mr. Gess identified as appeal issues in his docketing statement fall within the scope of his waiver of an appeal of "any matter in connection with [his] prosecution [or] conviction," Mot. to Enforce, Attach. 1 at 2.  *See United States v. Lyons*, 510 F.3d 1225, 1233 (10th Cir. 2007).  And while "an appellate waiver is not enforceable if the Government breaches its obligations under the plea agreement," *United States v. Rodriguez-Rivera*, 518 F.3d 1208, 1212 (10th Cir. 2008), none of Mr. Gess's filings explain the basis for his claim that there was a "[v]iolation of [an] oral plea agreement," Docketing Statement at 5.[1]  Nor has he explained the basis for the prosecutorial misconduct claim he alluded to in one of his responses.  Accordingly, he has not adequately presented any breach-of-plea or

---

[1] It is not clear from Mr. Gess's filings whether this claim is based on a separate, earlier agreement, or whether he is alleging that there was an oral component to the written plea agreement.  In any event, we note that he acknowledged in the written agreement that it was "the parties' entire agreement," that there were "no other promises [or] agreements," and that he was not "relying[] on any terms, promises, conditions, or assurances not expressly stated in [the written] agreement."  Mot. to Enforce, Attach. 1 at 8.

4

prosecutorial-misconduct claims that would bring the appeal outside the scope of the waiver.

Based on our review of the written plea agreement and the transcript of the change of plea hearing, we are satisfied that Mr. Gess's appeal waiver was knowing and voluntary, and he has pointed to nothing in the record suggesting otherwise. Nor has he shown that enforcing the appeal waiver would result in a miscarriage of justice. We recognize that his ineffective assistance of counsel claim might implicate the voluntariness of the appeal waiver and the miscarriage of justice question. *See Hahn*, 359 F.3d at 1327. But that claim must be brought in a collateral proceeding under § 2255, not on direct appeal. *See United States v. Porter*, 405 F.3d 1136, 1144 (10th Cir. 2005) ("[A] defendant must generally raise claims of ineffective assistance of counsel in a collateral proceeding, not on direct review . . . [and t]his rule applies even where a defendant seeks to invalidate an appellate waiver based on ineffective assistance of counsel.").

## Conclusion

Accordingly, we grant the government's motion to enforce and dismiss this appeal. We also grant Mr. Gess's motion to withdraw the January 18, 2022, response and counsel's motion to withdraw from representing Mr. Gess. We deny Mr. Gess's motions for appointment of substitute counsel.

Entered for the Court
Per Curiam